ALD-106                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2754
_____

MIRYAM PAOLA SOLER-MARTINEZ; D. P.-S.,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A243-128-779 & 243-128-780)
Immigration Judge: Michael M. Neal

_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 26, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: April 2, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lead petitioner Miryam Paola Soler-Martinez[1] petitions for review of a final order of removal. The Government has filed a motion for summary action. We will grant that motion and deny the petition for review.[2]

## I.

Soler-Martinez is a citizen of Colombia who entered the United States illegally. The Government charged her as removable for that reason. Through counsel, Soler-Martinez conceded the charge but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She based these applications on her fear of mistreatment by paramilitary organizations known as FARC and the ELN.

In particular, Soler-Martinez claimed that the ELN tried to recruit her and her sister in the early 1990s and then beat their mother after she sent them to live elsewhere. Soler-Martinez also claimed that, in 2022, FARC threatened her husband and her family after stealing his car because he recovered it with the help of police. Soler-Martinez's applications for asylum and withholding of removal required her to show a sufficient

---

[1] The other petitioner is Soler-Martinez's minor child, whose removal was ordered on the same grounds as hers and whose claim for asylum is derivative of hers. We refer herein only to Soler-Martinez for ease of discussion.

[2] The Government filed its motion after Soler-Martinez's opening brief was due (and after she filed it). Thus, although we entertain the motion, we remind the Government that motions for summary action typically should be filed before the petitioner's opening brief is due. *See* 3d Cir. L.A.R. 27.4(b) (2011).

prospect of persecution on a protected ground, and the only protected ground she asserted was her membership in a particular social group ("PSG") defined as "victims of armed conflict targeted by FARC for refusing to engage or be complicit in criminal activities."

Soler-Martinez and her husband testified in support of her applications before an Immigration Judge ("IJ"), who found them credible but denied relief. The IJ denied Soler-Martinez's applications for asylum and withholding on the grounds, inter alia, that (1) her proposed PSG is not cognizable, and (2) even if it were, she did not show a nexus between that PSG and the harm she fears. The IJ also sua sponte considered another potential PSG suggested by the evidence and by *Guzman Orellana v. Attorney General*, 956 F.3d 171 (3d Cir. 2020)—i.e., "witnesses who publicly assist law enforcement against certain criminal organizations." But the IJ held that this PSG would not apply because there was no evidence that Soler-Martinez's husband assisted law enforcement in a publicly visible way. Finally, the IJ denied Soler-Martinez's CAT application on the grounds that she did not show that she faces torture in Colombia or that any such torture would be inflicted by the Colombian government or with its acquiescence.

Soler-Martinez appealed to the Board of Immigration Appeals ("BIA"). Her sole argument there was that the IJ erred in identifying the proposed PSG referenced above and should have identified and addressed a different proposed PSG defined as "police informants and/or relatives of law enforcement officers and/or former law enforcement officers." The BIA rejected that argument because Soler-Martinez did not propose that

3

PSG before the IJ, and it affirmed the IJ's denial of the PSG claim that she did assert for the reasons the IJ explained. The BIA also held that Soler-Martinez waived her CAT application by failing to raise it on appeal. Soler-Martinez petitions for review pro se.[3]

## II.

The Government argues that we should summarily deny Soler-Martinez's petition for review because it lacks merit and presents no substantial question. We agree.

The only specific issue that Soler-Martinez raises in her brief is her argument that the IJ applied the law regarding "family-based" PSGs too narrowly. In that regard, she now claims in her summary action response to belong to a PSG defined as "family members of persons who were victims of violence or killed by guerilla groups in Colombia." But Soler-Martinez did not propose that PSG before the IJ *or* the BIA. She thus did not exhaust that issue, and we decline to consider it. *See* 8 U.S.C. § 1252(d)(1). She did define the PSG that she proposed for the first time to the BIA partly in terms of familial relationship. But the BIA declined to consider that PSG because Soler-Martinez did not raise it before the IJ. Soler-Martinez does not mention that ruling and we see no basis to disturb it.[4]

---

[3] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence and may not disturb them "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Manuel-Soto v. Att'y Gen.*, 121 F.4th 468, 471 (3d Cir. 2024) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review legal issues de novo. *See id.*

[4] The BIA was right that Soler-Martinez did not raise before the IJ the sole PSG she

Soler-Martinez has not raised any other potential grounds for relief. She does not mention her CAT application except for a bare request for "CAT protection," and we see no basis to disturb the BIA's ruling that she failed to raise that issue on appeal. Soler-Martinez also does not raise any argument regarding the IJ's denial of her claims for asylum and withholding based on the PSG that she did propose before the IJ. Instead, her brief contains a bare request that we "review" the IJ's rulings that the proposed PSG is not cognizable and that she did not show any nexus between that PSG and her claimed fear of harm. That bare request is not sufficient to raise these issues for review.

Even if it were, and even if we deemed these issues exhausted,[5] we would discern no error for the reasons that the IJ explained. Among other things, the IJ properly

---

asserted before the BIA. (A.104.) There might nevertheless have been a basis for Soler-Martinez to raise a new PSG before the BIA if she were pro se before the IJ because some authority holds that IJs have a duty to consider all PSGs potentially suggested by the record when a petitioner is pro se. *See Quintero v. Garland*, 998 F.3d 612, 636-37 (4th Cir. 2021). But we express no opinion on that issue here because petitioners were counseled before the IJ. Moreover, the IJ *did* sua sponte consider another potential PSG suggested by the record and our precedent. Soler-Martinez did not challenge the IJ's rejection of that PSG before the BIA and has not mentioned it on review, and we see no basis to question the IJ's ruling on that issue.

[5] The Government argues that Soler-Martinez did not exhaust these issues because she did not raise them in her brief before the BIA, which noted that she did not meaningfully challenge them. The BIA also went a step further and noted that Soler-Martinez affirmatively conceded on appeal that the PSG she proposed before the IJ was not cognizable. But the BIA did not deem these issues waived, as it did Soler-Martinez's CAT claim. Instead, after describing the basis for the IJ's rulings, it went on to explain that it saw no factual or legal error in those rulings and to affirm them. Thus, these issues could be deemed exhausted on the theory that the BIA reached them sua sponte. *Cf. Gomez-Gabriel v. Att'y Gen.*, 146 F.4th 327, 330-31 (3d Cir. 2025) (per curiam) (holding

5

explained that PSGs must exist independently of the persecution suffered by the applicant but that Soler-Martinez improperly defined her proposed PSG in terms of that persecution. *See Manuel-Soto*, 121 F.4th at 471 (addressing a proposed PSG defined as "Guatemalan small business owners, victims of extortion by gang members"). The IJ also permissibly determined that FARC's more recent threats following its theft of Soler-Martinez's husband's car were motivated by financial gain rather than the family's membership in any PSG. *See Gomez-Gabriel*, 146 F.4th at 331-32.

### III.

For these reasons, we will grant the Government's motion for summary action and will deny the petition for review.[6]

---

that, when the BIA summarily affirms without opinion, its ruling does not serve to exhaust issues not raised before the BIA).

[6] Soler-Martinez asserts in her petition for review that she has not had "complete legal counsel" in this proceeding and that she has new evidence in support of her claims. She did not provide any further details in her petition. Nor did she mention these issues in her brief or summary action response. In any event, Soler-Martinez's recourse on these issues would be to file a motion to reopen with the BIA. *See Suchite-Salguero v. Att'y Gen.*, 147 F.4th 355, 358-59 (3d Cir. 2025) (new evidence); *Saint Ford v. Att'y Gen.*, 51 F.4th 90, 95 (3d Cir. 2022) (ineffective assistance of counsel). We express no opinion on whether reopening might be warranted.